BROKAW HOSPITAL, Petitioner-Appellant, *v.* A. LEE PRAY, Trustee, *et al.*, Respondents-Appellees.

Fourth District   No. 15280

Opinion filed June 14, 1979.

Gordon C. Adler, of Bloomington, for appellant.

Yoder & Yoder, and Merrick Hayes & Associates, Ltd., both of Bloomington, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Brokaw Hospital, a beneficiary under a trust created by James F. Bishop, petitioned the court to order the trustee to distribute assets according to the terms of the trust. The trial court found that Brokaw had not abided by the terms of the trust and ordered the trustee to discontinue distribution to Brokaw and instead distribute the assets to a beneficiary or beneficiaries to be named later. Brokaw appeals.

James Bishop died in 1949. He left certain properties in trust. For 15 years following the death of his wife, the trustee was to distribute the income, minus maintenance-type costs and $1,500, to Brokaw Hospital for use of the indigent sick of Empire Township. Brokaw was required to be incorporated and accredited, to maintain a room in the memory of James Bishop, and to devote that room to the use of the sick poor. The will provided for alternate beneficiaries: Mennonite Hospital under the same conditions as Brokaw, and if not the hospital, to Northwestern University for scholarships to students from Empire Township.

Brokaw is incorporated and accredited and has maintained a room in Bishop's memory, as required by the trust. The controversy here concerns Brokaw's fulfillment of the last condition named above. Brokaw's administrator testified the hospital received one $3,500 distribution in May 1977, that the hospital had deposited the money in its general account, listed as a liability, that it had provided services worth over $3,500 to indigents from Empire Township from May 1977 to May 1978, but had not made any charges against the $3,500 distribution.

Although it is apparent that Brokaw has not acted with great speed in fulfilling the conditions of the trust, it is also apparent from the record that the major cause of the frustration of the testator's intentions was the trustee. The trustee was first ordered to disburse the income from the trust in 1970. A second order directing disbursal of $3,500 was entered in 1975 but not fulfilled until 1977. By 1977 over $100,000 had accumulated which the trustee had not attempted to disburse.

■■ In this case, Brokaw was actually trustee of a subtrust set up by the will. (Bogart, Trusts and Trustees §391 (2d rev. ed. 1977).) Efforts by a

trustee to comply with conditions attached to a trust will be regarded in the light most favorable to the trust. For the purpose of determining the reasonableness, prudence, and diligence of the trustee's action or forbearance, all evidence bearing upon the question should be considered. (*Village of Hinsdale v. Chicago City Missionary Society* (1940), 375 Ill. 220, 30 N.E.2d 657.) What is a reasonable time to carry out the trust is, in part, a question of fact. (*Green v. Old People's Home of Chicago* (1915), 269 Ill. 134, 109 N.E. 701.) The sole fact that the testator's directions have not been strictly followed does not necessarily require a finding that the subtrustee must be removed. In *Peek v. Woman's Home Missionary Society* (1920), 293 Ill. 337, 127 N.E. 760, the will required the society to set up an orphanage on the testator's property within three years of her death. In fact the orphanage was not begun until over three years had passed. Obstruction by the executor, heirs, and tenant had all delayed the society's actions. The court refused to interpret the terms of the will strictly. Rather, the society's diligence must be viewed under the circumstances as they actually existed.

■■ In the case at bar, the first trustee has obviously been extremely negligent in carrying out his duties. Under these circumstances, Brokaw's lack of action for one year while it attempted to obtain information about the exact status of the trust (motion filed September 1977), and further directions from the court concerning performance (petition filed May 10, 1978), becomes more understandable. Considering the potential size of the distribution, Brokaw's apparent decision not to formulate a plan for use of the distribution until the obvious difficulties with the trustee were resolved becomes reasonable under the circumstances. Accordingly, it was error for the trial court to terminate Brokaw's interest and order distribution to an alternate beneficiary.

In light of our disposition, we need not consider the other issues raised by Brokaw. The questions concerning how the trust fund is to be used must first be considered by the trial court upon the presentation of proper evidence. It is obvious, however, that the testator's laudable desire to aid the sick indigents of Empire Township has, in vast part, become a responsibility shouldered by the various governments and that the exact literal terms of the trust do not now comport with modern hospital management and other realities. Whether attorney's fees should be allowed Brokaw from the estate must also be reconsidered.

Accordingly, the order of the circuit court of McLean County dismissing Brokaw Hospital's petition is reversed and the cause remanded for further proceedings.

Reversed and remanded.

MILLS and TRAPP, JJ., concur.